**NOT FOR PUBLICATION**

FILED

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT WILLIAM URBAN, | No. 18-15891 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03545-SPL |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted April 15, 2020**

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Robert William Urban appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II and supplemental security income under Title XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

At Step Two, the ALJ erred in concluding that Urban's mental impairment was non-severe by relying on two isolated treatment notes from Urban's treating psychiatrist, Dr. Lauro Amezcua-Patino, indicating that Urban's depression and anxiety had somewhat improved. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014) (an ALJ errs if she considers isolated instances of improvement as evidence that a claimant is not disabled).

Though this type of error at Step Two is ordinarily harmless where the ALJ otherwise proceeds with the sequential analysis, *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), the error was not harmless here, because in determining Urban's RFC, which identified no limitations stemming from Urban's mental impairment, the ALJ improperly discounted the opinions of three medical providers, including two treating providers, who concluded that Urban's severe depression and anxiety impacted his ability to work. The ALJ failed to provide specific and legitimate reasons for assigning "no great weight" to treating psychiatrist Dr. Amezcua-Patino's opinion. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ improperly cited to a single treatment note from Urban's February 2013 exam. But notes from the same exam date indicated that Urban's panic attacks were "still there all the time," and that his mood was

18-15891

"depressed."  Furthermore, this isolated notation of improvement did not reflect the longitudinal records.  *See Garrison*, 759 F.3d at 1013–14.

Additionally, the ALJ failed to provide germane reasons for assigning "no significant weight" to the opinion of treating counselor Kristina Godinez.  *See Molina*, 674 F.3d at 1111 (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).  The ALJ relied on only a single treatment note from June 2013, which reflected some improvement in Urban's mood but did not indicate any improvement in his panic attacks and anxiety.  The ALJ therefore erred because she failed to consider the whole of Godinez's treatment notes, which consistently indicated Urban's depression and frequent panic attacks, and failed to consider these notes in the context of the medical record as a whole.  *See Garrison*, 759 F.3d at 1013–14.

The ALJ failed to provide specific and legitimate reasons for assigning "no significant weight" to examining psychiatrist Dr. Brent Geary's findings.  The ALJ's three purported reasons were erroneous because Dr. Geary's reliance on Urban's self-reporting was in the form a clinical interview, which is an acceptable objective measure, and Dr. Geary also conducted a mental status evaluation and psychological testing.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews are objective measures and "cannot be discounted" as self-reports).  Additionally, the ALJ failed to explain how Dr. Geary's findings from

two cognitive tests contradicted the other findings regarding Urban's depression and anxiety, including the results from Urban's Beck Depression Inventory and the MMPI-2 exams that Dr. Geary administered. *See Garrison*, 759 F.3d at 1013. Finally, the ALJ improperly relied on the fact that Urban's counsel referred Urban to Dr. Geary in connection with Urban's claim for benefits rather than for treatment. *See Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[T]he mere fact that a medical report is provided at the request of counsel . . . is not a legitimate basis for evaluating the reliability of the report.").

The ALJ failed to give specific, clear, and convincing reasons for discounting Urban's testimony that he suffered from extensive and debilitating symptoms of depression and anxiety. First, the ALJ improperly relied on two isolated treatment notes from Godinez and Dr. Amezcua-Patino indicating improvement in Urban's mental health symptoms. *See Garrison*, 759 F.3d at 1017. Second, the ALJ improperly considered gaps in Urban's treatment record which were due to financial difficulties. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Third, the ALJ provided no explanation for why she relied on Urban's 2009 layoff, which occurred outside the relevant period and was therefore of limited relevance. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Finally, the ALJ failed to provide a clear and convincing reason for discounting Urban's credibility on the basis of his reported daily activities, which were consistent with his testimony. *See Orn*, 495 F.3d at 639. ALJ failed to explain how Urban's reported activities were inconsistent with Urban's testimony or his reports in the record because the cited pages in Urban's function report do not support the ALJ's conclusion. Urban's function report stated that Urban is "uncomfortable with actual cooking," needs help caring for his dogs, needs encouragement to leave the house, cannot drive without "triggering panic attacks and anxiety," and only grocery shops "once or twice a month." Urban's function report, on the same page cited by the ALJ, also stated that though his hobbies include shooting, he no longer is able to do so due to vision problems, and that "his depression seems to sap interest in persuing [sic] his interests."

Furthermore, the ALJ's specific finding that Urban calls friends on the phone is not a clear and convincing reason to discount his testimony and the evidence in the record that Urban keeps to himself, has distanced himself from family and friends, and does not socialize with friends in person. The ALJ failed to explain why Urban's ability to call friends on the phone is inconsistent with his inability to leave the house to socialize. In sum, the ALJ erred by failing to provide "specific, clear, and convincing reasons" for discounting Urban's

18-15891

testimony regarding the severity of his mental impairment symptoms. *Molina*, 674 F.3d at 1112.

We therefore remand this case to the district court with instructions to remand to the agency for further proceedings regarding Urban's mental impairments. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d. 1090, 1101 (9th Cir. 2014)).

**REVERSED AND REMANDED.**